

DA 13-0016

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 288N

GINA M. LYON,

        Plaintiff, Appellee and Cross-Appellant,

   v.

MOUNTAIN PACIFIC GENERAL, INC.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 11-397(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           P. Mars Scott, Stephanie K. Mann, P. Mars Scott Law Offices; Missoula, Montana

      For Appellee:

           Penni L. Chisholm, Dean D. Chisholm, Chisholm & Chisholm, P.C.; Columbia Falls, Montana

                      Submitted on Briefs: September 11, 2013
                              Decided: October 1, 2013

Filed:

                      _____
                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Appellant Mountain Pacific General, Inc. (MPG) appeals the order of the Eleventh Judicial District Court, Flathead County, that directed the Clerk of Court to distribute to Gina Lyon (Gina) $132,000 held in a dissolution proceeding involving Gina and Jeffrey Lyon (Jeffrey). Gina cross-appeals the District Court's denial of her motion for attorneys' fees and costs. We affirm.

¶3	Gina filed a petition for dissolution of marriage in the Eleventh Judicial District Court in 2005 in Cause No. DR-05-154C. The petition named Gina and Jeffrey as the only two parties to the action. The District Court entered the decree of dissolution on February 4, 2008.

¶4	Gina filed a motion for contempt against Jeffrey on June 29, 2010. The District Court awarded Gina $113,104 for past medical expenses and child support. The District Court also entered judgment against MPG "for the care and support of the parties' children" even though MPG had not been a party to the action. MPG filed a limited appearance to set aside the judgment and quash the execution against its corporate property.

¶5	In the meantime, MPG sold real property owned by the marital estate on which it had filed a lien. Gina contended that she should receive MPG's portion of the sale to satisfy

2

Jeffrey's debt to her. The parties agreed to deposit $132,000 with the Flathead County Clerk of Court until the District Court determined ownership and directed disbursement. The $132,000 represented MPG's interest in the sale proceeds from the real property.

¶6 The District Court set aside the judgment against MPG on March 30, 2011. The District Court directed the Clerk of Court to issue a check for $132,000 to MPG's counsel.

¶7 Shortly thereafter, Gina filed a complaint against MPG in the Eleventh Judicial District in Cause No. DV-11-397C. Gina sought a ruling that MPG serves as Jeffrey's alter ego. The District Court granted a temporary restraining order that directed the Clerk of Court to retain the $132,000 previously deposited in Cause No. DR-05-154C.

¶8 MPG filed a motion to dismiss on the grounds that Gina had failed to raise the issue of MPG having served as an alter ego for Jeffrey at the dissolution proceedings. MPG argued that Gina should be prevented from raising this issue in a separate proceeding. The District Court denied MPG's motion and directed the Clerk of Court to continue to hold the $132,000. MPG filed a petition for alternative writ of mandate with this Court. We denied MPG's petition. *Lyon v. Stadler*, No. OP 11-0752 (Feb. 14, 2012).

¶9 The District Court granted summary judgment in Gina's favor based upon its finding that MPG, in fact, represents the alter ego of Jeffrey. The District Court denied Gina's motion, pursuant to M. R. Civ. P. 11, for attorneys' fees and costs. The District Court later entered judgment against MPG for $160,655 in addition to any future child support or medical support owing by Jeffrey, with interest at the rate of 10% per annum. The District Court ordered the Clerk of Court to distribute to Gina the $132,000 being held in Cause No.

3

DR-05-154C to satisfy the judgment in Cause No. DV-11-397C. MPG appeals and Gina cross-appeals.

¶10    MPG argues on appeal that the District Court lacked authority to attach funds in Cause No. DR-05-154C to satisfy a judgment in Cause No. DV-11-397C. Gina responds that the District Court acted properly and, regardless, this issue is moot. Even if the District Court could not order the Clerk of Court to distribute the $132,000, Gina points out that MPG still would owe Gina $160,655. Gina contends that success on appeal would be inconsequential unless MPG intended to reclaim the funds and avoid paying the amount that it owes Gina. Gina cross-appeals the District Court's denial of her motion for attorneys' fees and costs pursuant to M. R. Civ. P. 11.

¶11    We typically review a district court's decision to grant or deny a preliminary injunction for a manifest abuse of discretion. *Mont. Cannabis Indus. Ass'n v. State*, 2012 MT 201, ¶ 12, 366 Mont. 224, 286 P.3d 1161. We review a district court's decision on Rule 11 sanctions to determine whether the findings of fact are clearly erroneous, and whether the conclusions constitute an abuse of discretion. *Morin v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 146, ¶ 33, 370 Mont. 305, 302 P.3d 96.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. The District Court did not manifestly abuse discretion when it directed the Clerk of Court to distribute to Gina $132,000 held from the dissolution proceedings, because the judgment in Cause No. DV-11-397C entitled Gina to receive this amount from MPG one

4

way or another. MPG has failed to establish that the $132,000 deposited with the Clerk of Court represents anything other than fungible assets of MPG. Based on the briefs and record, the District Court's findings of fact are not clearly erroneous and the District Court did not abuse discretion when it denied Gina's M. R. Civ. P. 11 motion for attorneys' fees and costs.

¶13    Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ LAURIE McKINNON

5